# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. SMITH, | CASE NO. 1:08-CV-01978-AWI-SMS  PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| ROBERT AYERS, JR., et al., | (Doc. 19) |
| Defendants. | |

    Plaintiff Stevie J. Smith is a state prisoner proceeding pro se and in forma pauperis. Plaintiff initially brought his grievance to the court in the form of a letter to the United States District Court for the Northern District of California dated September 15, 2008 (doc. 1).  The Northern District Court opened a civil rights action, then transferred the action to the Eastern District Court because plaintiff's complaint related to his confinement at California State Prison-Corcoran.  By Order dated January 5, 2009, this court directed the Court Clerk to provide plaintiff with a form of complaint and plaintiff to file a complaint within thirty days (doc. 9).  Plaintiff filed his first amended complaint on January 9, 2009 (doc. 10).  Following this court's issuance of a screening order on April 14, 2009 (Doc. 18), plaintiff submitted a second amended complaint on April 21, 2009 (Doc.19).

    This court's review of Plaintiff's first amended complaint, as well as his original letter to the court, left it uncertain whether Plaintiff's claim was properly categorized as a civil rights

1

action under 42 U.S.C. § 1983 or whether plaintiff intended to bring a petition for writ of habeas corpus. (As a result, the court directed the clerk to provide plaintiff with the necessary forms to file an amended complaint, a petition for a writ of habeas corpus, or both.) Plaintiff has clarified his intentions in his second amended complaint, indicating that he seeks relief that will return him to a "real court" and enable him to get out of prison. Accordingly, plaintiff should have filed a petition for habeas corpus.

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. McCarthy v. Bronson, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973).

**Findings and Recommendations**

Because plaintiff challenges his confinement and seeks release from prison, his action is properly brought through a petition for a writ of habeas corpus, an action separate and distinct from this § 1983 complaint. Because amending this § 1983 complaint will not cure the deficiency, the court hereby recommends that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   September 8, 2009            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE